UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON REINA HURTADO,
    Petitioner,

       v.                           Case No.  8:07-cv-405-T-17 MSS
                                           8:04-cr-243-T-17 MSS

UNITED STATES OF AMERICA,
    Respondent.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255

      This case is before the Court on Nelson Reina Hurtado's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 1; Cr. Doc. 288.[1]  The Government filed a

Response. Doc. 4. Hurtado filed a reply. Doc. 5. A review of the record demonstrates that, for

the following reasons, the motion to vacate must be **denied**.

PROCEDURAL HISTORY

      On November 2, 2004, Hurtado pled guilty, without a plea agreement, to aiding and

abetting in the possession with intent to distribute 5 kilograms or more of cocaine while aboard a

vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a)

and (g) and 21 U.S.C. §960(b)(1)(B)(ii) (Count One); and conspiracy to possess with intent to

distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of

the United States, in violation of 46 App. U.S.C. § 1903(a), 1903(g) and 1903(j) and 21 U.S.C. §

960(b)(1)(B)(ii) (Count Two). Cr. Doc. 97, 158.

      The district court sentenced Hurtado to 135 months imprisonment as to each of counts

---

[1]Citations to the civil case are indicated by "Doc." followed by the number of that document. Citations to the criminal case are indicated by "Cr. Doc." followed by the number of that document.

One and Two to run concurrently, with credit for time served. Cr. Doc. 158. Hurtado timely filed a notice of appeal challenging the failure to grant minor role reduction. Cr. Doc. 275. On December 17, 2006, the Eleventh Circuit Court of Appeals affirmed Hurtado's sentence, finding that the district court properly denied a minor role departure. Cr. Doc. 275.

On March 3, 2007, Hurtado filed the present 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In the section 2255 motion, Hurtado asserted that his sentence violates of the Fifth Amendment and the Due Process Clause by virtue of the "Constructive" Amendment of the Indictment. Doc. 1 at 5a-6a. Further, Hurtado asserts the Court lacked jurisdiction because the statutes under which he was convicted are an "Ultra Vires" exercise of congressional power. Doc. 1 at 6a. Additionally, Hurtado claims ineffective assistance of counsel at plea, sentencing, and appeal. Doc. 1 at 8 and 11a-12a.

FACTUAL BACKGROUND

In May 2004, the United States Coast Guard observed the Estrella del Sur refuel and re-provision a small "go-fast" boat in the Pacific Ocean off Costa Rica. Doc. 4 at 2. Both the Estrella del Dur and the "go-fast" boat fled upon discovery. Doc. 4 at 2. The Coast Guard observed the crew on the "go-fast" boat dump approximately thirty bales into the Pacific Ocean. Doc. 4 at 3. The Coast Guard recovered one of these bales which contained approximately twenty kilograms of cocaine. Doc. 4 at 3. The Coast Guard and the government estimated the "go-fast" boat to be transporting at least 600 kilograms of cocaine. Doc. 4 at 3. The Coast Guard also pursued and arrested the crew of the Estrella del Sur, including Hurtado. Doc. 4 at 3.

On November 2, 2004, Hurtado pleaded guilty to Count One and Count Two of the Indictment during a Change of Plea Hearing. Cr. Doc. 263. During this hearing, the Court

2

addressed the charges with Hurtado including the elements of the offenses, the penalties, and the factual basis necessary to prove the charges. Cr. Doc. 263 at 18-33.

The probation office recommended that the district court apply the federal sentencing guidelines to Hurtado based on at least 150 kilograms of cocaine. Doc. 4 at 3. Hurtado's counsel ojected to the base offense level, the drug quantity, and Hurtado's role in the offense. Doc. 4 at 3. At sentencing, Hurtado's counsel incorporated by reference the arguments made by Hurtado's co-defendants as to minor role, base offense level, and drug quantity. Cr. Doc. 223. The Court overruled the minor role objection, the offense level objection, and the drug quantity objections. Cr. Doc. 223. The court noted in overruling these objections that the government likely had been "conservative in their estimate of how much cocaine was involved here." Cr. Doc. 223

## DISCUSSION

Hurtado challenges his sentence on three grounds. Doc. 1. First, Hurtado claims the Court altered the Indictment by imposing a sentence that does not correspond to the charge thereby violating the Fifth Amendment and Due Process Clause. Doc. 1. Second, Hurtado claims the Maritime Drug Law Enforcement Act (MDLEA) is unconstitutional. Doc. 1. Finally, Hurtado claims he received ineffective assistance of counsel at plea, sentencing, and on appeal. Doc. 1.

### *Fifth Amendment and Due Process Clause Claim*

Hurtado claims that since the offense does not correspond to the original charges, his plea was involuntary. Doc. 1. Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. *Burke v. United States,* 152 F.3d 1329 (11th Cir. 1998). Nonconstitutional claims can be raised on collateral review only when the error constitutes a "fundamental defect which

3

inherently results in a complete miscarriage of justice..." *Reed v. Farley,* 512 U.S. 339 at 348 (1994).

Once a conviction based on a guilty plea has become final, a petitioner may challenge only the knowing or voluntary nature of the plea, unless the record demonstrates the district court lacked the power the enter the conviction or impose the sentence. *United States v. Broce,* 488 U.S. 563 (1989).

Case law shows a strong presumption that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel may not be collaterally attacked. *Mabry v. Johnson*, 467 U.S. 504 (1984). Further, a petitioner is barred from raising a challenge to the factual basis of his plea in a section 2255 motion. *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

Hurtado is challenging the amount of drugs to which he was held accountable at sentencing. Doc. 1. It is true that Hurtado was charged with possession with intent to distribute five kilograms or more of cocaine, and held accountable for at least 150 kilograms of cocaine. Cr. Doc. 223. During the sentencing process, Hurtado admitted he understood the charges he was pleading to and the penalties they carried. Cr. Doc. 263 at 18-19. Hurtado admitted he understood the consequences of the plea and the right he was giving up. *Id.* at 23-25. Additionally, he agreed to the government's factual basis of the charges. *Id.* at 28.

Nothing in the record indicates that Hurtado's plea was involuntary. He knowingly and freely admitted guilt to possession of more than five kilograms of cocaine. Therefore, Hurtado has not shown a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed,* 512 U.S. at 348.

4

*Unconstitutionality of the MDLEA*

Hurtado claims the Maritime Drugs Law Enforcement Act is unconstitutional as an "Ultra Vires" exercise of congressional power. Doc. 1.  Notwithstanding other defects in this assertion, the constitutionality of the MDLEA has been well settled by the Eleventh Circuit, notably in *United States v. Estupinan*, 453 F.3d 1336 (11th Cir. 2006). *Estupinan* is a case nearly identical to Hurtado's.  In *Estupinan,* the Coast Guard observed an Ecuadorian vessel and saw the crew throwing bales of cocaine over the side of the vessel when they realized they had been seen.  The Coast Guard recovered the cocaine, and the crew of the vessel were charged with possession of cocaine in excess of five kilograms.

The United States Court of Appeals for the Eleventh Circuit found that drug trafficking aboard vessels is a serious international problem and presents a specific threat to the security and well being of the United States. *Estupinan,* 453 F.3d 1336 at 1338 (citing *United States v. Rendon,* 354 F.3d 1320 (11th Cir. 2003)). The MDLEA is a constitutional provision enacted by congress within its powers conferred by the constitution.  Therefore, Hurtado cannot be granted relief on a claim of unconstitutionality of the MDLEA because the claim lacks merit. *U.S. v. Tinoco,* 304 F.3d 1088 (11th Cir. 2003).

*Ineffective Assistance of Counsel*

Hurtado last claims he had ineffective assistance of counsel during sentencing and appeal. Doc. 1 at 6. He bases his argument on his counsel's decision not to file a petition for certiorari in the United States Supreme Court; counsel's failure to investigate facts surrounding the case; counsel's lack of diligence; counsel's inadequate preparation; and "work product mental process." Doc. 1.

5

A lawyer is presumed to be competent to assist a defendant and the burden is on the defendant to demonstrate that his lawyer has been ineffective. *United States v. Cronic*, 466 U.S. 648, 658 (1984). A conviction will be vacated on ineffective assistance of counsel grounds if the defendant can prove (1) that counsel's performance fell below an objective standard of reasonable professional assistance, and (2) the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A defendant is required to prove both prongs of the *Strickland* test and a failure to prove one will result in a rejection of the claim. *Id.* at 697.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. *Strickland*, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy." *Chandler v. United States*, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(quoting *Strickland*, 466 U.S. at 689 and *Darden v. Wainwright*, 477 U.S. 168, 186 (1986)). Where a record is incomplete or unclear, counsel's actions are presumed to be an exercise of reasonable professional judgment. *Chandler*, 218 F.3d at 1314-135 n. 15.

Hurtado fails to prove that his counsel's performance was deficient. Hurtado's counsel is permitted to advance his case based upon reasonable legal strategy. Hurtado does not offer any factual or legal bases for these claims. Hurtado's counsel raised objections to the base offense level, the drug amount, and Hurtado's role in the offense. Doc. 4 at 3. At sentencing, Hurtado's counsel incorporated by reference all the arguments made by Hurtado's co-defendants as to the

6

minor role, base offense level, and drug quantity. Cr. Doc. 223.   Even giving wide deference to a pro se petitioner, Hurtado has failed to show any basis for ineffective counsel.

Hurtado has also failed to show prejudice.  Therefore, Hurtado cannot be granted relief on a claim of ineffective assistance of counsel because the claim lacks merit.

### Evidentiary Hearing

Hurtado has the burden of establishing the need for an evidentiary hearing, see *Birt v. Montgomery,* 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief, see *Townsend v. Sain*, 372 U.S. 293, 307 (1963).  Under rules governing section 2255 cases, rule 4(b), a district court faced with a section 2255 motion may make an order for its summary dismissal "[i]f it plainly appears for the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255).  Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone,* 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Hurtado has not established any basis for an evidentiary hearing because the issues he raises are not cognizable and is based on faulty legal reasoning.

Having considered Hurtado's arguments, the Court orders:

That Nelson Reina Hurtado's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 Cr. Doc. 288) is **denied**.  The Clerk is directed to enter judgement in the civil case and to close that case.

7

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a certificate of appealability (COA). *Id.* "A COA may issue...only if the applicant has made a

substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a

showing, Defendant "must demonstrate that reasonable jurists could find the district court's

assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274,

282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) or that "the issues presented

were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S.

322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has

not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

**ORDERED** in chambers at Tampa, Florida on this *1st* day of November, 2007.

ELIZABETH A. KOVACHEVICH
United States District Judge

AUSA:  Stephen Muldrow
Pro se:  Nelson Reina Hurtado

8